892 F.2d 1049
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Keiichi ITAKURA.
 Misc. No. 248.
 United States Court of Appeals, Federal Circuit.
 Oct. 26, 1989.
Rehearing Denied March 14, 1991.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and BISSELL, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 ORDER
 The following have been submitted:
 
 1
 (1) Keiichi Itakura's petition for writ of mandamus to direct the Commissioner of Patents and Trademarks (a) to determine as a threshold matter that the two interferences at issue are void and (b) to vacate each interference;
 
 
 2
 (2) Marvin H. Caruthers, et al.'s opposition and motion for damages;
 
 
 3
 (3) The Commissioner's opposition; and
 
 
 4
 (4) Itakura's reply to the oppositions.
 
 
 5
 On February 27, 1987, the Patent and Trademark Office declared two interferences: one between subject matter claimed in one of Itakura's patents and subject matter claimed in an application filed by Caruthers and a second relating to another Itakura patent and Caruthers' application. Preliminary motions were to be filed by May 27, 1987. The deadline was subsequently extended to June 29, 1987.
 
 
 6
 Eight months after the close of the preliminary motion period, Itakura filed motions to dismiss each interference. Itakura asserted that Caruthers had not complied with 35 U.S.C. § 135(b)'s one-year limitation for making a claim for the same or substantially the same subject matter as any of Itakura's issued patent claims. The examiner-in chief dismissed the motions:
 
 
 7
 Regardless of styling, the papers present but a belated motion for judgment ... As correctly explained by Caruthers, the issue (estoppel under 135(b)) is a substantive one to be decided by the Board of Patent Appeals and Interferences.
 
 
 8
 Writs of mandamus are to be used only under extraordinary circumstances when no meaningful alternatives are available. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Here, Itakura may raise the issue, if appropriate, on review after final decision by the Board.
 
 
 9
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 10
 Itakura's petition for writ of mandamus is denied.